In re UNIVERSAL MINERALS INC., a
Pa. Corp. and Cambria Mining and
Manufacturing Co. a wholly owned sub-
sidiary debtor.

Appeal of GREENLEY ENERGY HOLD-
INGS OF PENNSYLVANIA,
INC., Appellant.

No. 84–3424.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Feb. 8, 1985.

Decided Feb. 20, 1985.

Sanford M. Lampl, Lampl, Sable and Makoroff, Pittsburgh, Pa., for appellee.

Jay G. Fischer, Lachall, Brion, Cohen & Valocchi, Downingtown, Pa., for appellant.

Before GARTH and BECKER, Circuit Judges, and ROSENN, Senior Circuit Judge.

## OPINION OF THE COURT

GARTH, Circuit Judge:

The failure by counsel for appellant, Greenley Energy Holdings of Pennsylvania, Inc., to respond to a jurisdictional argument raised by appellee, Universal Minerals, Inc., is but one of the disturbing aspects of this appeal. Greenley not only ignored the threshold issue presented in this case, but also ignored the court's direction to respond to that jurisdictional issue. We can only ascribe to such actions on the part of Greenley's counsel an insensitive disregard for the most minimal requirements of our profession.

Greenley seeks to appeal an order of the bankruptcy court granting an application to rescind the sale of certain assets purchased from the bankrupt estate of Universal Minerals, Inc. Greenley, however, has failed to file a timely notice of appeal from the bankruptcy court's order. Nor has counsel for Greenley, as noted above, responded to requests from this court to file a supplemental letter memorandum addressing the question of whether untimely notice deprives the district court, and hence this court, of jurisdiction to review the bankruptcy court's order. As a consequence, we have been obliged to undertake the tasks which the appellant should have discharged.

Our research has revealed that failure to file timely notice within the meaning of Bankruptcy Rule 8002 is indeed a jurisdictional defect barring appellate review.

Yet, even if the jurisdictional defect did not compel dismissal of the instant appeal, the conduct of Greenley's counsel both in failing to acknowledge the court's inquiry and in refusing to reply to the court's directions, is sufficient to warrant dismissal.

I.

A review of the facts is complicated by the incomplete state of Greenley's brief and appendix on appeal.[1] However, the following course of events may be gleaned from the scant record before us. On January 26, 1982, the trustee in bankruptcy for Universal Minerals conducted a public sale to dispose of various assets belonging to Universal. L & L Coal bid successfully for certain coal reclamation piles, screening plants, and various rights held by Universal. The sale was confirmed by the bankruptcy court by order dated April 18, 1982 and modified April 23, 1982.

L & L Coal thereafter entered into an option agreement granting Laurel Investment Services an option to purchase all of L & L's interests in the Universal assets. Consideration for this option agreement was $5,000 paid by Laurel to L & L. Laurel in turn transferred its interests in the option agreement to Greenley. In accordance with an order of the bankruptcy court, an escrow closing was held on September 26, 1983. L & L paid the trustee the bid price of $160,000 pending resolution of certain title defects. The parties agreed that the escrow closing would not prejudice L & L's right to demand rescission and/or credit in the event the trustee proved unable to deliver good title to the assets sold. When it later became apparent that the trustee could not deliver good title, L & L and the trustee agreed to rescind the transaction.

Accordingly, the trustee filed an Application to Rescind and Set Aside Sale. Greenley, as assignee of the option agreement, opposed this application and filed objections to which the trustee and L & L replied. On March 16, 1984, a hearing was held before the bankruptcy court. The court dismissed Greenley's objections and approved rescission of the sale. The bankruptcy court's order, dated March 16, 1984, was duly entered and docketed by the clerk of the bankruptcy court on March 19, 1984.

On April 2, 1984, fourteen days after the entry of the rescission order, Greenley filed a notice of appeal to the district court. L & L Coal thereupon moved for an order dismissing Greenley's appeal as untimely taken. The district court, noting that Bankruptcy Rule 8002(a) imposes a 10-day filing requirement for timely notice of appeal, concluded that the rule was jurisdictional in effect and that the district court could not, on its own motion, extend the time for filing. The district court therefore dismissed Greenley's appeal as untimely. We affirm.

II.

Bankruptcy Rule 8002(a) states:
The notice of appeal shall be filed with the clerk of the bankruptcy court *within 10 days of the date of the entry of the judgment, order, or decree appealed from.* (emphasis added)

The ten day mandate of Rule 8002(a) has been strictly construed, requiring strict compliance with its terms. *See Matter of McGuire,* 1 B.R. 496, 499 (W.D.Pa.1979),

---

1. On December 27, 1984, the following letter was directed by the Court to be forwarded to counsel:

Gentlemen:
    The appellee's brief addresses only the issue of the district court's dismissal of the appeal for untimeliness. No reply brief has been received by the appellant nor is that issue addressed directly by appellant in its brief.
    The Court desires that the appellant respond to the dismissal issue by letter memorandum to be served and filed no later than noon, Thursday, January 3, 1985.

Appellant's attention is also called to the fact that page 7 of its brief is missing from the submissions made to this Court. In addition, page 40 of appellant's appendix is missing. Sufficient copies of both page 7 of the brief and page 40 of the appendix are to be furnished to the Clerk of this Court as soon as possible.

To date, Greenley's counsel has failed either to supply the missing pages or to respond to the "dismissal" issue.

*aff'd*, 615 F.2d 1353 (3d Cir.1980); *see also Matter of Ramsey*, 612 F.2d 1220, 1222 (9th Cir.1980); *Matter of Butler's Tire & Battery Co., Inc.*, 592 F.2d 1028, 1034 (9th Cir.1979); *Matter of Best Distribution Co.*, 576 F.2d 1360 (9th Cir.1978). Nor can it be doubted that the rule is jurisdictional in effect. The Advisory Committee's Note to Rule 8002 expressly states that it is "an adaptation of Rule 4(a) of the Federal Rules of Appellate Procedure." Failure to file a timely notice of appeal thus deprives the district court of jurisdiction to review the bankruptcy court's order or judgment. *See In re LBL Sports Center, Inc.*, 684 F.2d 410, 412 (6th Cir.1982); *Matter of Robinson* 640 F.2d 737, 738 (5th Cir.1981); *Matter of Ramsey, supra*, at 1222; *In re H. Daroff & Sons, Inc.*, 403 F.Supp. 234 (E.D.Pa.1981); *In re W.T. Grant Co.*, 425 F.Supp. 565, 567 (S.D.N.Y. 1976), *aff'd mem. sub nom. Berger v. Rodman*, 559 F.2d 1202, 1206 (2d Cir.1977).

■ In the present case, the ten-day period for filing a notice of appeal, as prescribed in Rule 8002(a), began on March 20, 1984, and ended on March 29, 1984. *See* Bankruptcy Rule 9006(a) and Fed.R.Civ.P. 6(a). Greenley's notice of appeal, filed on April 2, 1984, was clearly out of time.[2] The sole provision in the Bankruptcy Rules allowing for an extension of time beyond the ten-day period requires that a motion for extension be filed in the bankruptcy court. Rule 8002(c) provides:

> The bankruptcy court may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect if the judgment or order does not

authorize the sale of any property or the obtaining of credit or the incurring of debt under § 364 of the Code, or is not a judgment or order approving a disclosure statement, confirming a plan, dismissing a case, or converting the case to a case under another Chapter of the Code.

Greenley neither filed a request for extension within the initial ten-day period nor made a showing of excusable neglect entitling it to request extension within the 30-day period following entry of the bankruptcy court's order. Since no request was directed to the bankruptcy judge, the district court properly concluded it was without jurisdiction to pass upon any claim by Greenley for an extension of time for filing. *See, e.g., In re LBL Sports Center, Inc., supra* at 412.

### III.

Greenley's counsel, by ignoring the jurisdictional argument raised by Universal, has complicated our review of the district court's order. Counsel is chargeable with knowledge that the district court dismissed Greenley's appeal as untimely. In its brief submitted to this court, counsel nonetheless proceeded to address the merits of Greenley's case without ever adverting to the jurisdictional defect which formed the basis of the district court's ruling. When Greenley's counsel was asked to submit a letter memorandum addressing the jurisdictional consequences of untimely filing, no response was ever made. Indeed, at the Court's insistence, telephone calls were made urging Greenley's counsel to reply, even though such replies would themselves have been out of time. These renewed requests from this court were also ignored and met with silence.

■ When counsel receives a request for information from this court, common courtesy would dictate that the request be at the least acknowledged. Above and be-

---

2. The events of the present case occurred prior to June 27, 1984, the effective date of the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353, 98 Stat. 333 (1984). We

note, however, that under the amended 28 U.S.C. § 158, appeals from the bankruptcy court to the district court continue to be governed by the time requirements of Rule 8002.

yond the dictates of courtesy, counsel have "a continuing duty to inform the Court of any development which may conceivably affect an outcome" of the litigation. *Fusari v. Steinberg*, 419 U.S. 379, 391, 95 S.Ct. 533, 540, 42 L.Ed.2d 521 (1975) (Burger, C.J., concurring). This is so, even where the new developments, new facts, or recently announced law may be unfavorable to the interests of the litigant. *Cf.* Model Rules of Professional Conduct, Rule 3.3 (1983) (candor toward tribunal).

■ Here, there can be no question but that a memorandum, discussing the issue of whether the time limits of Rule 8002 are jurisdictional, would have benefited the court and would have addressed a matter affecting the outcome of this controversy. Thus, even if no jurisdictional bar existed to the present appeal, the unprofessional conduct of appellant's counsel in failing to respond to this Court's repeated inquiries, requires dismissal. *See* Fed.R.App.P. 46(c); *Kushner v. Winterthur Swiss Insurance Co.*, 620 F.2d 404 (3d Cir.1980).

Accordingly, on either ground, the judgment of the district court will be affirmed.