**In re Wade G. SHEHADY, Sr., t/a/d/b/a Shehady's Oriental Rugs, Debtor.**

**Wade G. SHEHADY, Sr., t/a/d/b/a Shehady's Oriental Rugs, Appellant,**

**v.**

**Gary J. GAERTNER, Esquire, Appellee.**

**Civ. A. No. 87–2041.**

**Bankruptcy No. 85–296.**

United States District Court,
W.D. Pennsylvania.

March 14, 1989.

Ralph J. Ruggiero, Pittsburgh, Pa., for appellant.

Gary J. Gaertner, Pittsburgh, Pa., pro se.

## MEMORANDUM OPINION

BLOCH, District Judge.

Appellant, Wade G. Shehady, Sr., trading and doing business as Shehady's Oriental Rugs, appeals from an order of the Bankruptcy Court dated June 25, 1987, which denied appellant's motion to amend one provision of a confirmed Chapter 13 bankruptcy plan. Because the motion to amend was not timely brought to the Bankruptcy Court, the Bankruptcy Court's order denying the motion is affirmed.

On May 26, 1987, the Bankruptcy Court confirmed appellant's Chapter 13 bankrupt-

cy plan.[1] On June 15, 1987, appellant filed a motion for amendment of the order of confirmation pursuant to Bankruptcy Rule 7052(b). The Bankruptcy Court denied the motion without written opinion on June 25, 1987. Appellant Shehady then filed a notice of appeal to this Court from the Bankruptcy Court's order denying appellant's motion to amend on June 30, 1987.

## I. Order Confirming Plan Dated May 26, 1987

■ Appellant's notice of appeal addresses the order of the Bankruptcy Court denying his motion to amend. Yet, briefs of the parties address only the underlying order: the Bankruptcy Court's order confirming the Chapter 13 plan. Neither party has raised the issue of whether this Court has jurisdiction to review the underlying order. Despite that failure, this Court has the duty to raise the issue of jurisdiction *sua sponte. In re Jeannette Corp.*, 832 F.2d 43, 45 (3d Cir.1987). A timely appeal is required to vest this Court with jurisdiction. *In re Universal Minerals, Inc.*, 755 F.2d 309, 312 (3d Cir.1985).

Bankruptcy Rule 8002(a), 11 U.S.C., provides:

The notice of appeal shall be filed with the Clerk of the Bankruptcy Court within 10 days of the date of entry of the judgment, order, or decree appealed from.

"The ten day mandate of Rule 8002(a) has been strictly construed, requiring strict compliance with its terms." *In re Universal Minerals, Inc.*, 755 F.2d at 311. In this case, time for filing an appeal with this Court as to the order confirming the plan began with docketing of the order on May 29, 1987, and ended June 8, 1987. *See* Bankruptcy Rule 9006(a).[2] Therefore, time for filing an appeal to this Court with respect to the order confirming the plan had expired before appellant Shehady's notice of appeal was filed on June 30, 1987.

Bankruptcy Rule 8002(b) provides, however, that a motion to amend an order

under Rule 7052(b) may suspend the time for appeal:

If a timely motion is filed in Bankruptcy Court by any party: ... (2) under Rule 7052(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted ... the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.

The timeliness of a Rule 7052(b) motion is determined with reference to Fed.R.Civ.P. 52(b) which also provides for a ten-day filing period. In this case, the Rule 7052(b) motion must also have been filed by June 8, 1987, in order to be timely. Appellant's motion was not filed until June 15, 1987.

Appellant has not made timely appeal of the order confirming the plan to this Court under Rules 8002(a) or 8002(b). "Failure to file a timely notice of appeal thus deprives the district court of jurisdiction to review the bankruptcy court's order or judgment." *In re Universal Minerals, Inc.*, 755 F.2d at 312. This Court's consideration of appellant Shehady's appeal of the order denying amendment of the underlying judgment does not revive the underlying judgment for purposes of this Court's review. To do so would frustrate the provisions of Bankruptcy Rule 7052. This Court, therefore, cannot reach the merits of the Bankruptcy Court's order confirming the plan.

## II. Order Denying Motion to Amend Dated June 25, 1987

■ In contrast to the appeal of the order confirming the plan, appellant has made timely appeal to this Court from the Bankruptcy Court's order denying appellant's motion to amend the order confirming the plan. Therefore, this Court does have jurisdiction to review the order denying appellant's motion to amend, but this jurisdiction does not extend to the underly-

1. The order of the Bankruptcy Court was docketed on May 29, 1987.

2. The events of the present case occurred prior to August 1, 1987, the effective date of the 1987

Amendments to the Bankruptcy Rules and Rule 9006. Accordingly, the language of Rule 9006 as it existed prior to these amendments determines the time for appeal.

**254**

ing judgment as discussed in Section I of this opinion.

The Bankruptcy Court dismissed appellant's motion without written opinion. However, the Bankruptcy Court need not even have considered the motion because it had not been timely filed. As discussed in Section I, appellant filed the motion to amend on June 15, 1987, seven days after the ending of the period allowed for appeal on June 8, 1987. So viewed, the Bankruptcy Court properly denied the motion.

The order of the Bankruptcy Court is affirmed. An appropriate Order will be issued.