**In the Matter of: Joan L. RUBENSTEIN, Debtor.**

**Bankruptcy No. 84–03566.**
**Civ. No. 89–1133 (CSF).**

United States District Court,
D. New Jersey.

June 19, 1989.

## OPINION

CLARKSON S. FISHER, District Judge.

This is an appeal from a December 22, 1988, bankruptcy court order reopening the debtor's Chapter 7 proceeding after it had been converted to a Chapter 13 proceeding and then administratively dismissed for failure to file the requisite Chapter 13 plan. Because the court finds that the debtor/appellant failed to file a timely notice of appeal, it is compelled to dismiss this appeal for lack of jurisdiction.

The procedural history of this case will be briefly summarized. On July 2, 1984, Joan Rubenstein (the "debtor/appellant") commenced this bankruptcy action by filing a Chapter 7 petition. A Trustee was appointed, and the law firm of Markowitz and Zindler was retained to act as counsel for the Trustee. On April 1, 1986, the Chapter 7 Trustee filed an adversary complaint against the debtor/appellant to recover an airplane which the Trustee alleged was fraudulently conveyed. On the eve of trial, the debtor/appellant petitioned the court to convert her Chapter 7 proceeding to one under Chapter 13. By order dated July 2, Chapter 7 proceeding to one under Chapter 13. By order dated July 2, 1987, the bankruptcy court granted this relief, and the debtor/appellant was given ten (10) days to file her Chapter 13 plan. The Chapter 7 Trustee and Markowitz and Zindler (the "appellees") were granted leave to apply for reasonable compensation.

Subsequently, Markowitz and Zindler filed an application for allowance of administrative compensation and expenses on behalf of the Chapter 7 Trustee, as well as for work rendered by the law firm. A hearing on the fee application was held on September 14, 1987. On September 25, 1987, the bankruptcy court issued an order allowing the Chapter 7 Trustee the sum of $1500.00 for services rendered, plus $187.62 for expenses, and Markowitz and Zindler the sum of $3000.00 for services rendered and $259.50 for out-of-pocket expenses.[1] Previously, by order dated April 1, 1987, the court-appointed appraiser was awarded the sum of $375.00 as compensation for services rendered. The Chapter 7 Trustee, counsel and the court-appointed appraiser were directed to seek recovery by filing priority claims for administrative expenses in the Chapter 13 proceeding.

As a result of the debtor/appellant's failure to fulfill her obligations in the Chapter 13 proceeding by filing her plan within the required time, the case was administratively dismissed on December 1, 1987. On November 4, 1988, Markowitz and Zindler, on behalf of the Chapter 7 Trustee, moved the bankruptcy court for an order reopening the case. The appellees also requested that, upon reopening, the court modify its earlier order awarding fees upward and enter judgment in favor of the law firm, the Chapter 7 Trustee and the court-appointed appraiser. On December 22, 1988, the bankruptcy court issued an order reopening the case as a Chapter 7 proceeding, but denying the requests for an upward modification of the fee award and entry of judgment.[2] This order was entered on the bankruptcy court's docket on December 23, 1988.

Appellant filed a notice of appeal of the bankruptcy court's decision to reopen the case on January 13, 1989. Specifically, the debtor/appellant challenges the bankruptcy court's decision on the following grounds: (1) the court had no authority, under 11 U.S.C. § 350(b), to reopen a case which was not closed, but dismissed; (2) no grounds exist upon which the court could grant relief from a final judgment to appellees under Fed.R.Civ.P. 60(b); (3) the bankruptcy judge's decision merely rewarded appellees for their own laziness, at the expense

1. In granting these sums, the bankruptcy judge reduced the amounts requested, noting that, while substantially greater services had been rendered, a compromise would be struck to accommodate the interests of all the parties involved.

2. A hearing on the appellees' application was held on December 5, 1988, at which time the Honorable Stephen A. Stripp, Bankruptcy Court Judge, stated his intention to reopen the case. The transcript of the hearing indicates that Judge Stripp directed the appellees to obtain their fees by pursuing the actions previously filed in the Chapter 7 proceeding.

of appellant, when appellees should have opposed the court's order to show cause why the Chapter 13 proceeding should not be dismissed, or appealed the decision to dismiss the case; (4) there was no basis in the record for converting the Chapter 13 proceeding to one under Chapter 7 after reopening. Appellees contest all of the arguments advanced by debtor/appellant; however, they raise, as a threshold issue, the court's jurisdiction to address the merits of the appeal since, they assert, the debtor/appellant did not timely file a notice of appeal.

Rule 8001 of the Bankruptcy Rules provides, in part:

An appeal from a final judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002.

Bankr. Rule 8002(a) provides that the notice of appeal shall be filed with the clerk within 10 days of the date of the entry of judgment, order or decree appealed from. Subsection (c) of Bankr. Rule 8002 permits a bankruptcy judge to extend the time for filing the notice of appeal by a period not to exceed 20 days from the expiration of the time normally required by the rule; however, a request for an extension of time must be made before the initial 10–day period has expired. *See* Bankr. Rule 8002(c). The rules provide one final opportunity for obtaining an extension: A request made no more than 20 days after the expiration of time for filing a notice of appeal may be granted upon a showing of "excusable neglect." Bankr. Rule 8002(c). Thus, assuming that "excusable neglect" can be demonstrated, the request for an extension of time to file a notice of appeal must be made to the bankruptcy court within 30 days after entry of the judgment or order.

The time frame for filing a notice of appeal under Rule 8002 has been construed as jurisdictional in nature, and strict com-

pliance is required. *Whitemere Dev. Corp. v. Township of Cherry Hill*, 786 F.2d 185, 187 (3d Cir.1986); *In re Universal Minerals, Inc.*, 755 F.2d 309, 311–12 (3d Cir.1985). It is well settled that failure to file a timely notice of appeal deprives a district court of jurisdiction to review the bankruptcy court's order or judgment. *In re Universal Minerals, Inc.*, 755 F.2d at 312. The bankruptcy court order in question was entered on the court's docket on December 23, 1988. The ten-day period for filing a notice of appeal began on December 27, 1988, and ended on January 11, 1989 (excluding holidays and weekends). The debtor/appellant did not file her notice of appeal with the bankruptcy clerk until January 13, 1989, two days after the deadline had passed. Moreover, no request for an extension of time in which to file was made to the bankruptcy court judge. Thus, the debtor/appellant's notice of appeal was clearly out of time, and the court is without jurisdiction to address the merits of this appeal.

The debtor/appellant argues, however, that the untimeliness of her appeal should be excused because appellees waited until January 4, 1989, to send her attorney a copy of the bankruptcy court order, thus ensuring that it would not arrive until after the time for filing had passed. Moreover, counsel for debtor/appellant asserts that he did not expect an order to be filed, because he had objected to the form of the proposed order submitted by appellees and was awaiting notice of a hearing on his objections. These arguments must fail for the following reason. A request for an extension of time must be made to the bankruptcy court judge. *See* Bankr. Rule 8002(c). It is clear that, once it is determined that the notice of appeal is untimely, a district court is without jurisdiction to address a request for an extension of time or the issue of "excusable neglect."[3] *In re Universal Minerals, Inc.*, 755 F.2d at 312; *In re LBL Sports Center, Inc.*, 684 F.2d 410, 412 (6th Cir.1982).

---

**3.** The court notes that neither of these excuses has any merit. First, the appellees were under no obligation to notify counsel for debtor/appellant about the entry of the order.

Moreover, Bankr. Rule 9022(a) states that lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the

Accordingly, for the reasons stated above, the debtor/appellant's appeal from the bankruptcy court's December 22, 1988, order is dismissed. An order accompanies this opinion. No costs.

time allowed, except as permitted in Rule 8002. *See also In re Longardner & Associates, Inc.,* 855 F.2d 455, 463 (7th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1130, 103 L.Ed.2d 191 (1989). Second, whether to grant a hearing on an objection to a proposed order is discretionary under General Rule 22 of the United States District Court for the District of New Jersey. Assuming, without further inquiry, that Judge Stripp would hold such a hearing was improvident on counsel's part, especially in light of the fact that Judge Stripp had informed all the parties of his decision from the bench on the day of the hearing on the motion for reopening.