**David R. DESPOT, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Appellee.**

Civil Action No. 96–272J.
Bankruptcy No. 93–21685–BM.

United States District Court,
W.D. Pennsylvania.

Aug. 1, 1997.

---

**MEMORANDUM ORDER**

SMITH, District Judge.

I. *Introduction*

This bankruptcy appeal raises important issues regarding the timeliness of the appeal filed by the debtor, David Despot. For the reasons set forth below, this matter will be remanded to the bankruptcy court for further proceedings consistent with this memorandum order.

II. *Facts and Procedural History*

David and Debra Despot, debtors, filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code on May 11, 1993. On August 31, 1993, the bankruptcy court entered final decree after finding that the estate had been fully administered. The final decree discharged the trustee and closed the case. R.-dkt.no. 13.

On April 14, 1996, David Despot (Despot) filed suit against Allstate Insurance Company in the Court of Common Pleas of Cambria County asserting claims for fraud and breach of contract. Allstate removed the action to the United States District Court for the Western District of Pennsylvania based upon the diversity of the parties' citizenship. *See Despot v. Allstate Ins. Co.*, civil action no. 95–87J. This court dismissed Despot's civil action on January 19, 1996, after concluding that he lacked standing because the bankruptcy trustee was the legal owner of Despot's claims against Allstate.[1] *Id.* dkt.no. 13.

Four months later, on May 16, 1996, the debtors filed a motion to reopen their bankruptcy case. They asserted that they had failed to list as an asset in their bankruptcy petition David Despot's "cause of action for breach of contract and fraud against Allstate Insurance Company, based upon alleged misrepresentations that were made to him prior to his employment as an insurance agent, which representations occurred between April 1992 and January 19, 1993." R.-dkt.no. 14. Debtors assert that the cause of action

David R. Despot, State College, PA, pro se.

Link Christian, Titus & McConomy, Pittsburgh, PA for Allstate Ins. Co.

William H. Hollander, Jean W. Bird, Wyatt, Tarrant & Combs, Louisville, KY.

1. This court takes judicial notice of *Despot v. Allstate Ins. Co.*, civil action no. 95–87J, and its dismissal because both parties refer to the case in their pleadings and its disposition is not subject to reasonable dispute. *See* Federal Rule of Evidence 201; *Landy v. Federal Deposit Ins. Corp.*, 486 F.2d 139, 153 (3d Cir.1973).

was not known by the trustee, but that a newly appointed trustee would be able to pursue the action and distribute any award to their creditors.

Allstate opposed reopening the case, contending that Despot could not pursue his fraud claim because the statute of limitations had expired. Section § 108(a) of the Bankruptcy Code establishes that Despot could have asserted his fraud claim any time before the end of the limitations period established by nonbankruptcy law, or within the two years following the entry of the relief order (i.e. the filing of the voluntary petition), whichever is later. *See* 11 U.S.C. § 108(a); 2 *Collier on Bankruptcy* ¶ 102.07 (15th ed.1996). Pennsylvania's two year statute of limitations would have barred a fraud claim against Allstate after January 19, 1995 because the debtors' motion to reopen avers that the misrepresentations occurred between April 1992 and January 19, 1993. *See* 42 Pa.C.S.A. § 5524(7). Despot also could have asserted his fraud claim within two years after he filed his voluntary petition for relief under chapter 7; that period, however, expired on May 11, 1995. Allstate also asserted that the debtors' undue delay in seeking to reopen their case weighed against granting the requested relief Allstate failed to address the viability of Despot's contract claim which was governed by a four year statute of limitations. *See* 42 Pa.C.S.A. § 5525(8).

Bankruptcy Judge Bernard Markovitz conducted a hearing on Despot's motion to reopen on July 11, 1996. Judge Markovitz's hearing memorandum noted that the assets at issue consisted of causes of action for fraud and breach of contract. His memorandum indicated that the statute of limitations period for the fraud claim had passed and that the contract action was subject to the four year period of limitations. The judge's handwritten notations also confirm that he considered whether the estate would benefit if the case were reopened. Judge Markovitz orally denied the motion to reopen the case and issued a written order denying the motion that same day. R.-dkt.no. 21. The July 11, 1996 order denying the Motion to Reopen was docketed on July 12, 1996.

On August 12, 1996, Despot, proceeding *pro se,* filed a letter dated August 9, 1996 which stated "[p]lease allow this request ... to serve as a Notice of Appeal...." R.-dkt.no. 22. The letter consisted of five pages of text in which Despot: denied that he committed perjury by failing to list his claims against Allstate as an asset on Schedule B; noted that he would assert claims against both Allstate and Metropolitan Life Insurance Company if he had listed pending problems with insurance companies on the bankruptcy asset schedules; addressed the merits of his claims; referenced his difficulty in obtaining legal representation to assert his claims and appeal the order denying the Motion to Reopen; and concluded with allegations that Allstate had perjured itself in answering the complaint which had been removed to the Western District of Pennsylvania and which subsequently was dismissed.

Allstate moved to dismiss the appeal as untimely. R.-dkt.no. 31. Allstate relies upon Federal Rule of Bankruptcy 8002 which provides that a "notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days of the date of the entry of judgment, order, or decree appealed from." Allstate also points out that Despot has not offered any excuse for his delay or his failure to seek an extension of time.

Despot objected to Allstate's Motion to Dismiss Appeal as Untimely. Dkt.no. 2. He explained that his former legal counsel led him to believe that he had thirty days to appeal and that he was unable to file within that time frame because of a delay in obtaining a copy of the order.

### III. *Appellate Jurisdiction*

Section 158(a) of the Judicial Code provides that "district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders and decrees ... of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a). Appeals to the district court "shall be taken in the same manner as appeals in civil proceedings ... and in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2).

Bankruptcy Rule 8002 requires filing a notice of appeal "within 10 days of the date of the entry of the judgment, order, or decree appealed from." Failure to file a timely appeal "deprives the district court of jurisdiction to review the bankruptcy court's order or judgment." *In re Universal Minerals, Inc.*, 755 F.2d 309, 312 (3d Cir.1985). Rule 8002's mandate calls for "strict compliance with its terms." *Id.* at 311. An extension of time to appeal may be obtained pursuant to Rule 8002(c) which provides:

> The bankruptcy court may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect if the judgment or order does not authorize the sale of any property or the obtaining of credit or the incurring of debt under § 364 of the Code, or is not a judgment or order approving a disclosure statement, confirming a plan, dismissing a case, or converting the case to a case under another Chapter of the Code.

Bank. Rule 8002(c). If an appellant fails to apply for an extension of time to appeal before the expiration of the ten day appeal period, then the appellant must raise the issue of excusable neglect and file the appeal "within the 30–day window of Rule 8002 (Rule 8002(a)'s 10 days for appeal + 8002(c)'s 20 days for the extension)." *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir.1997).

Excusable neglect permits a court to accept a late filing "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Investment v. Brunswick,* 507 U.S. 380, 390–92, 113 S.Ct. 1489, 1495–97, 123 L.Ed.2d 74 (1993)(applied by the Third Circuit in *Sound Radio,* 109 F.3d at 879, in determining timeliness of bankruptcy appeal). A party cannot "claim excusable ne-

glect after the 30 days has expired." *Sound Radio,* 109 F.3d at 879.

## IV. *Discussion*

■ The July 11, 1996 order Despot seeks to appeal was docketed on July 12, 1996. Accordingly, the appeal period commenced on July 13, 1996. 10 *Collier's on Bankruptcy* ¶ 8002.04 (15th ed.1996). The ten day appeal period concluded July 22, 1996. An additional twenty days would have extended the expiration date of the appeal period to August 11, 1996. Because August 11, 1996 was a Sunday the twenty day period actually expired on August 12, 1996. Bankruptcy Rule 9006(a); *In re LaFortune,* 652 F.2d 842, 844 (9th Cir.1981)(applying Federal Rule of Civil Procedure 6(a) to determine timeliness of appeal when tenth day fell on a Saturday).

Clearly, Despot failed to file his Notice of Appeal within the ten day mandate of Rule 8002(a). Accordingly, his appeal is only timely if his August 9, 1996 letter, which is within the 30 day window afforded by Rule 8002, is deemed both a request for an extension of time and a Notice of Appeal.

Despot's letter requests that it serve as a Notice of Appeal and details Despot's difficulty in obtaining legal representation on appeal. As such, Despot's letter raises facts which may constitute an intervening circumstance which rises to the level of excusable neglect. *Pioneer Investment,* 507 U.S. at 390, 113 S.Ct. at 1495–96; *In re Universal Minerals,* 755 F.2d at 312 (affirming dismissal of bankruptcy appeal in which appellant "neither filed a request for extension ... nor made a showing of excusable neglect entitling it to request extension....").

■ Rule 8002(c) empowers only the "bankruptcy judge" to grant extensions of time to appeal. Therefore, this court is without authority to determine whether the August 9, 1996 letter demonstrates excusable neglect which would warrant the extension and render the appeal timely. In the absence of a timely appeal notice, I am without jurisdiction to address the merits of the appeal. For that reason, this matter must be remanded to the bankruptcy court so it may make a determination on the issue of excusa-

ble neglect. If the bankruptcy court concludes that there was excusable neglect, Despot's Notice of Appeal will be deemed timely and that court shall transmit the record to the district court for a determination on the merits of appeal.

ORDERED AND DIRECTED that this matter is remanded to the Bankruptcy Court for the Western District of Pennsylvania for further proceedings consistent with this memorandum order.