In re William H. ARNOLD, Debtor.

Allan J. Culver, Jr., Appellant,

v.

Terry L. Musika, Trustee, Appellee.

In re William H. Arnold, Debtor.

Allan J. Culver, Jr., Appellant,

v.

Terry L. Musika, Trustee, Appellee.

Nos. CIV. AMD 03–476,
CIV. AMD 03–588.
Bankruptcy No. 93–5–5035–JFS.

United States District Court,
D. Maryland.

May 27, 2003.

Allan J. Culver, Jr., Bel Air, MD, Pro se.

Richard L. Wasserman, Darek S. Bushnaq, Venable, Baetjer and Howard LLP, Baltimore, MD, for Appellee.

## MEMORANDUM

DAVIS, District Judge.

These consolidated cases are appeals from orders of the bankruptcy court.

Subject matter jurisdiction is appropriate under 28 U.S.C. § 158. *See Canal Corp. v. Finnman (In re Johnson),* 960 F.2d 396, 399 (4th Cir.1992). The parties are in agreement that the standard of review as to each of the disputed orders is abuse of discretion.

The appellant is Allan J. Culver, Jr., Esq., a member of the Maryland bar. Culver represented the (now deceased) debtor, William H. Arnold, in Arnold's chapter 11 case filed by Culver in 1993. Culver never filed an employment application with the bankruptcy court and he was never appointed by the bankruptcy court to act as counsel. Culver has provided no justifiable reason for his failure to do so. (He does assert that a computer crash left him without billing records after some unspecified time in 1995.) In 1995, on motion of the United States Trustee, the bankruptcy court converted the case to a chapter 7 proceeding; the appellee is the trustee of the chapter 7 estate. Culver asserts that he continued to represent the debtor in connection with the chapter 7 case, and also in relation to an involuntary chapter 11 case involving a limited partnership of which the debtor was the sole general partner.

During the course of the chapter 7 case, the trustee and the limited partners of the partnership worked together to sell some undeveloped real property in Anne Arundel County. That sale settled in December 2000 and generated substantial proceeds that have been paid to creditors. On March 27, 2002, the trustee filed the Trustee's Final Report and proposed distribution and the bankruptcy court approved the Final Report on April 12, 2002. Thereafter, federal and state tax liabilities were settled and the trustee undertook to distribute surplus funds. Accordingly, the trustee filed his Supplemental Final Report on October 29, 2002, reflecting proposed payments of slightly in excess of $11,000 in unsecured claims to numerous claimants and interest on unsecured claims of slightly less than $38,000.

At that point, seizing on the existence of surplus funds, and relying on the unexceptional notion that post-petition interest is generally not awarded in bankruptcy, Culver sought payment of his attorney's fees arising from his representation of the debtor in the chapter 11 case from 1993 through 1995, prior to the conversion of the case. Thus, although Culver never filed an objection to the Final Report, and despite the fact that two claims bar dates had long passed, Culver filed his Distribution Objection on or about November 22, 2002. At about the same time, on or about November 19, 2002, and November 25, 2002, Culver filed, respectively, his attorney's fee application as an administrative claim or, in the alternative, a belated unsecured claim (Culver asserts that, sometime after 1995, he discovered that some or all of his time and billing records from 1993 through 1995 were recoverable from his computer system.), and his application for appointment as counsel (seeking appointment *nunc pro tunc*). As appellee contends, both the application for appointment of counsel as well as the fee application are palpably deficient and legally insufficient on their face.

The trustee opposed both applications and responded to Culver's objection to the distribution. On December 31, 2002, the bankruptcy court entered orders denying Culver's fee application and (by virtue of its order approving the proposed distribution) overruling Culver's objection to distribution. Culver timely appealed from these orders by notice of appeal filed on January 10, 2003. Thereafter, by order entered on January 21, 2003, the bankruptcy court denied Culver's application for appointment as counsel. Culver noted

an untimely appeal from the January 21, 2003, order by notice of appeal filed on February 5, 2003.

 Appellee has moved to dismiss both appeals. I agree that in case no. AMD 03–588, Culver has failed to demonstrate excusable neglect or any other justification for his failure to note a timely appeal. This is especially so inasmuch as the record discloses that Culver has had a prior appeal in this case dismissed for lack of timely appeal. Accordingly, the appeal in case no. AMD 03–588 shall be dismissed for lack of jurisdiction. *In re Universal Minerals, Inc.*, 755 F.2d 309, 311–12 (3rd Cir.1985).

■ The motion to dismiss the appeal in case no. AMD 03–476 is based on Culver's lack of standing. The argument is that, as the bankruptcy court has denied Culver's application for appointment as counsel, he may not seek review of the denial of his administrative claim for attorney's fees. This may well be correct; Culver should have at least obtained the cooperation of the personal representative of the debtor's estate to give color to his claim. Nevertheless, I am satisfied that, on the merits, the bankruptcy court's denial of compensation to Culver, however it might be denominated by Culver (as an administrative claim or as a belated unsecured claim), was not remotely the product of an abuse of discretion. Culver's eleventh hour decision to seek compensation for services rendered to the debtor eight to ten years ago is outlandishly unconscionable on this record. *See generally In re Martin*, 102 B.R. 653, 657 (Bankr.W.D.Tenn.1989) (discussing what is in essence a "totality of the evidence" approach employed by some courts in considering *nunc pro tunc* applications); *but see In re Pine Valley Mach., Inc.*, 172 B.R. 481 (Bankr.D.Mass.1994) (noting that some districts employ a more stringent "extraordinary circumstances"

test). Culver's inexplicable omission here gives new meaning to the term "laches." To permit Culver to prevail under the circumstances here would prejudice the trustee and the secured creditors, who have managed to avoid his inexcusable (and unexplained) inattention to duty in this long-pending case. Culver's invocation of the equitable nature of bankruptcy proceedings is most notable for the lack of irony it displays. *Cf. In re U.S. Lines, Inc.*, 318 F.3d 432, 437 (2d Cir.2003) ("[I]t is well-established that a litigant who seeks equity must do equity .... A plaintiff must prosecute his suit diligently to be eligible for equitable tolling."). Because I discern no abuse of discretion in the bankruptcy court's decision not to relieve Culver of the consequences of his dilatoriness, I shall affirm the orders of the bankruptcy court in case no. AMD 03–476. An order follows.