

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-14-2006

# In Re: Orpah Barbel

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1793

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Orpah Barbel " (2006). *2006 Decisions.* Paper 92.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/92

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-1793

———

IN RE: ORPAH BARBEL,
                                            Debtor

Orpah Barbel,
                                            Appellant

———

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS
D.C. Civil No. 05-cv-00108
District Judge:  The Honorable Raymond L. Finch, Chief Judge

———

Submitted Under Third Circuit LAR 34.1(a)
December 5, 2006

———

Before: McKEE, BARRY and STAPLETON, <u>Circuit Judges</u>

———

(Opinion Filed:   December 14, 2006)

———

OPINION

———

BARRY, <u>Circuit Judge</u>

        Orpah Barbel appeals from an order of the District Court of the Virgin Islands

dismissing her appeal from an order of the Bankruptcy Court.  We will affirm.

Barbel and Chase Manhattan Bank ("Chase") entered into a mortgage agreement for $376,000, secured by two pieces of land Barbel owned. After she fell into arrears, Chase sought to foreclose on the property, and on February 5, 1999, the Territorial Court of the Virgin Islands granted summary judgment against her in the amount of $444,536.

On March 22, 1999, before the property could be sold, Barbel filed for voluntary bankruptcy under Chapter 13, and an automatic stay was entered pursuant to § 362 of the Bankruptcy Code. 11 U.S.C. § 362. On November 14, 2003, the Bankruptcy Court dismissed the petition with prejudice, finding that Barbel had caused delays by claiming ownership of property for which she could not furnish proof, had repeatedly substituted counsel to represent her, and had failed to properly document a sale of inventory necessary to finance her plan. It also determined that Barbel had not made consistent, timely payments according to the plan, and that she had failed to produce documents confirming the assets with which she proposed to pay.

Barbel filed a second petition on October 12, 2004, while her prior petition was on appeal. The Bankruptcy Court again entered an order dismissing the petition with prejudice. Again, Barbel had failed to make post-petition plan payments and was in material default of the proposed plan. The Court also noted in its order that the plan as filed would not have paid the proven secured claims and therefore violated the Bankruptcy Code.

On March 8, 2005, Barbel moved for reconsideration. The Bankruptcy Court denied the motion on June 20, 2005, and Barbel filed an appeal to the District Court on

2

July 15, 2005. FirstBank Puerto Rico, successor in interest to Chase, moved to dismiss Barbel's appeal as untimely. Initially, the District Court denied the motion. After FirstBank moved for reconsideration, however, the Court dismissed the appeal.

Barbel now appeals the order of the District Court dismissing her appeal. She does not dispute that she filed her appeal late, arguing, instead, that she never received a copy of the Bankruptcy Court's order.

We have jurisdiction under 28 U.S.C. § 158(d). We review findings of fact for clear error and exercise plenary review over questions of law. In re Schick, 418 F.3d 321, 323 (3d Cir. 2005).

Rule 8002 of the Federal Rules of Bankruptcy Procedure states: "Notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). Here, the ten-day period for filing an appeal ended on June 30, 2005. Barbel's appeal, filed on July 15, 2005, was, as she concedes, clearly too late.

The ten-day mandate of Rule 8002 is jurisdictional. Whitemere Dev. Corp. v. Township of Cherry Hill, 786 F.2d 185, 187 (3d Cir. 1986); In re Universal Minerals, Inc., 755 F.2d 309 (3d Cir. 1985). Lest there be any doubt, while Rule 8019 authorizes courts to suspend the requirements of many of the provisions of the Bankruptcy Rules, it explicitly excepts Rule 8002. See Fed. R. Bankr. P. 8019. We thus have no discretion to waive the time limit that governs when an appeal must be filed.

Failure to receive notice of an order is no defense. Rule 9022 provides that "lack

3

of notice . . . does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed . . . ." Id. at 9022. It was Barbel's responsibility to monitor the docket.

The sole provision of the Bankruptcy Rules allowing for an extension of time beyond the ten-day period requires a motion to be filed in the Bankruptcy Court. According to Rule 8002(c), "a request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired [or] not later than 20 days after the expiration of the time for filing a notice of appeal . . . upon a showing of excusable neglect ." Barbel never requested an extension.

The order of the District Court will be affirmed.

---