

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-11-2007

# In Re: Jean E. Fryer

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4866

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Jean E. Fryer " (2007). *2007 Decisions*. Paper 962.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/962

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-243**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4866
_____

IN RE: JEAN E. FRYER,

Debtor

ENTERPRISE BANK, a/k/a ENTERPRISE BANK, INC.

v.

JEAN YOUNG, an individual; HARRY YOUNG, an individual; ROBERT FRYER, an
individual, in his individual capacity and as Co-Executor of the Testamentary Estate of
Jean E. Fryer; DAVID FRYER, an individual, in his individual capacity as Co-Executor
of the Testamentary Estate of Jean E. Fryer; STANLEY G. MAKOROFF, Chapter 7
Trustee of the Bankruptcy Estate of Jean E. Fryer; And All Other Persons Or Entities
Having Or Claiming An Interest in Certain Premises Generally Known As The Fryer
Funeral Home And An Adjacent Dwelling House (723 and 729-31 Washington Avenue,
Bridgeville, PA)

ROBERT B. FRYER,

Appellant

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 06-cv-00550)
District Judge:  Honorable Thomas M. Hardiman
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 24, 2007
Before: Rendell, Smith and Jordan, Circuit Judges

(Filed: June 11, 2007)
_____

OPINION
_____

PER CURIAM

Robert Fryer, proceeding pro se and in forma pauperis, appeals an order of the

United States District Court for the Western District of Pennsylvania dismissing his

appeal of three orders issued by the United States Bankruptcy Court for the Western

District of Pennsylvania.  For the following reasons, we will dismiss the instant appeal

pursuant to 28 U.S.C. § 1915(e)(2)(B).

Appellee, Enterprise Bank, instituted an adversary proceeding in the Bankruptcy

Court  for the purpose of determining the validity, priority, and extent of its lien on real

property in the bankruptcy estate of Fryer's late mother, who filed for bankruptcy

protection shortly before her death in 2002.  On August 26, 2005, the Bankruptcy Court

ruled that Enterprise Bank had a valid and enforceable first priority mortgage lien on the

property.  Fryer, who was a co-defendant in the adversary proceeding and actively

challenged the validity of Enterprise Bank's lien, did not appeal the Bankruptcy Court's

August 26 ruling within the prescribed ten-day period.  On September 16, 2005, he filed a

petition under FED. R. BANKR. P. 8002(c)(2) for leave to file an untimely appeal of the

August 26 ruling.  In that petition, Fryer explained that he did not file a timely appeal

because, for reasons outside his control, he did not learn of the Bankruptcy Court's ruling

until more than ten days after it was issued.  On October 31, 2005, the Bankruptcy Court

denied Fryer's petition for leave to file an untimely appeal on the grounds that he had

2

failed to make the requisite showing of excusable neglect. Fryer nonetheless continued to file documents in the Bankruptcy Court in support of the unsuccessful petition. On March 30, 2006, the Bankruptcy Court ordered distribution of the funds from the bankruptcy estate to the creditors. The following day, Fryer filed a lengthy document in the Bankruptcy Court, captioned "A Petition To The United States Bankruptcy Court To Allow Robert B. Fryer To Appeal Its Recent Opinion In Favor Of Enterprise Bank To The United States District Court," which was docketed as a notice of appeal of the Bankruptcy Court's October 31, 2005 order and forwarded to the District Court. Shortly thereafter, Fryer filed a document requesting that the District Court also review the Bankruptcy Court's orders of August 26, 2005, and March 30, 2006.

The District Court granted Enterprise Bank's motion to dismiss the appeal, concluding that it lacked jurisdiction over Fryer's untimely challenge to the Bankruptcy Court's decisions of August 26 and October 31, 2005, and, alternatively, that the Bankruptcy Court did not abuse its discretion in denying Fryer's request for authorization to file an untimely appeal. The District Court also concluded that Fryer lacked standing to appeal the Bankruptcy Court's March 30, 2006 order of distribution, and that the challenge was moot because the assets in the bankruptcy estate had already been distributed. Fryer now appeals the entire judgment of the District Court. We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1). Because Fryer is proceeding in forma pauperis, we will dismiss the appeal if it lacks an arguable factual or legal basis. See 28 U.S.C. § 1915(e)(2)(B); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3

We agree with the District Court that Fryer's appeal of the August 26 and October 31, 2005 orders was not filed in accordance with the procedural rules governing appeals from Bankruptcy Court decisions. Bankruptcy appeals are subject to the deadlines prescribed by FED. R. BANKR. P. 8002. See 28 U.S.C. § 158(c)(2). A party appealing a ruling of the Bankruptcy Court generally must file a notice of appeal within ten days after entry of the order being appealed. See FED. R. BANKR. P. 8002(a). The Bankruptcy Court may extend the time for filing a notice of appeal up to twenty days after expiration of the ten-day deadline upon a showing of excusable neglect. FED. R. BANKR. P. 8002(c)(2). But if more than thirty days have passed after entry of the challenged order, excusable neglect ceases to serve as a valid justification for a late appeal. See Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997). Fryer's challenge to the August 26 and October 31, 2005 orders is clearly untimely under Rule 8002 because he did not file his notice of appeal of these decisions until March 2006.

We have held that a District Court lacks jurisdiction over an appeal of a Bankruptcy Court ruling that is untimely under Rule 8002. See In re Universal Minerals, Inc., 755 F.2d 309, 310 (3d Cir. 1985). However, that holding has been called into question by the United States Supreme Court's recent decisions in Eberhart v. United States, 546 U.S. 12 (2005), and Kontrick v. Ryan, 540 U.S. 443 (2004). Rule 8002 might now qualify as a non-jurisdictional "claim-processing rule" that is mandatory when invoked by a party, but subject to waiver if no timeliness objection is raised. See Eberhart, 546 U.S. at 19. At this time, however, we need not resolve the issue of the

4

jurisdictional significance of Rule 8002 because even if the deadlines prescribed under that rule are merely non-jurisdictional claim-processing rules, we note that Enterprise Bank moved to dismiss Fryer's appeal to the District Court on timeliness grounds and therefore properly invoked the rule. Accordingly, we conclude that the District Court correctly dismissed Fryer's untimely appeal of the Bankruptcy Court's orders of August 26 and October 31, 2005.

We also conclude that the District Court properly found that Fryer lacked standing to appeal the Bankruptcy Court's March 30, 2006 order distributing the assets in the bankruptcy estate. Standing to appeal an order of the Bankruptcy Court is limited to "persons aggrieved" by the challenged decision. In re Dykes, 10 F.3d 184, 187 (3d Cir. 1993). "Litigants are 'persons aggrieved' if the order diminishes their property, increases their burdens, or impairs their rights." Id. Under this standard, an appealing party must do more than simply show that the contested order gives rise to a "case or controversy" under Article III. See In re Combustion Eng'g, Inc., 391 F.3d 190, 215 (3d Cir. 2004). "[O]nly those whose rights or interests are directly and adversely affected pecuniarily by an order of the bankruptcy court may bring an appeal." In re PWS Holding Corp., 228 F.3d 224, 249 (3d Cir. 2000) (internal quotation marks and citation omitted). Whether a litigant has standing to appeal a Bankruptcy Court ruling is ordinarily a question of fact to be resolved by the District Court, and we defer to the District Court's finding unless it is clearly erroneous. See In re Dykes, 10 F.3d at 185, 188.

As explained by the District Court, the order of distribution could not have

5

affected Fryer's interests as a creditor of the bankruptcy estate because he never filed a formal or informal proof of claim identifying himself as a creditor. See generally FED. R. BANKR. P. 3002 (stating requirements for asserting a claim to debtor's estate). Fryer does not dispute that he never filed a formal proof of claim, but he suggests that his numerous filings with the Bankruptcy Court somehow qualify as an informal proof of claim as to the property that was the subject of the adversary proceeding instituted by Enterprise Bank. The District Court soundly determined that these filings do not suffice as an informal proof of claim because they do not assert a demand against the debtor's estate, but instead merely dispute the contents of the estate. See In re Am. Classic Voyages Co., 405 F.3d 127, 131-32 (3d Cir. 2005) (setting forth requirements for filing informal proof of claim). The District Court also noted that even if the Bankruptcy Court construed any of these filings as an informal proof of claim, the absence of Fryer's name from the list of creditors in the trustee's summary of proposed distribution is evidence that the Bankruptcy Court disallowed the claim and that Fryer is therefore not a "person aggrieved" by the order of distribution. We note that Fryer has not proffered any evidence that persuasively shows that the Bankruptcy Court's order of distribution had more than an indirect effect on his pecuniary interests. Thus, it is clear that the District Court acted within its discretion in finding that Fryer lacked standing to appeal this order.

For the foregoing reasons, we conclude that Fryer's appeal from the District Court's judgment is without arguable merit. We will therefore dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).