OPINION
PER CURIAM.
Appellant Robert S. Jackson appeals a March 9, 2009, 2009 WL 602984, order dismissing his complaint for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and a June 24, 2009, order denying his motion to reopen the proceedings. We conclude that the appeal does not present a substantial question and will summarily affirm the District Court’s orders. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.
I.
Because we write solely for the benefit of the parties, we will limit our discussion to those facts relevant to our decision.
Jackson claims to be the victim of an allegedly “fraudulent mortgage scheme” by Countrywide Home Loans, Inc. (“Countrywide”). Apparently, Jackson, Countrywide, and others have been engaged in state and federal litigation for years, including bankruptcy proceedings in the United States Bankruptcy Court for the Western District of Pennsylvania. See In re: Robert S. Jackson, Bankruptcy No. 04-35953 (Bankr.W.D.Pa.). Among other things, in those proceedings, Jackson sought to have the Bankruptcy Court vacate a state court property foreclosure that Countrywide had obtained against him. The Bankruptcy Court denied the claim for lack of jurisdiction, directed Jackson to pursue relief in state court, and ultimately dismissed the matter on September 25, 2006. Jackson did not file an appeal from the Bankruptcy Court’s September 25, 2006, dismissal.
Nearly one year later, Jackson initiated this pro se action in United States District Court for the Western District of Pennsylvania by filing a pleading entitled “Motion for Relief from Judgment.” In it, Jackson claims that the Bankruptcy Court proceedings were fraudulent and inconsistent with due process and that the Bankruptcy Court’s judgment should be set aside as “void” under Fed.R.Civ.P. 60(b).
The District Court converted Jackson’s Rule 60(b) motion into a complaint. Three groups of defendants separately filed motions to dismiss. Despite two extensions, Jackson failed to respond to any of the motions. On October 10, 2008, the District Court granted the three motions to dismiss and scheduled a status conference. Jackson failed to appear at the conference and did not contact the District Court to explain his absence. Accordingly, on March 9, 2009, the District Court issued a sua sponte order pursuant to Fed.R.Civ.P. *623 41(b). The District Court considered Jackson’s case under Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir.1984), and concluded that the case should be dismissed for failure to prosecute. The District Court’s order expressly permitted Jackson thirty days in which to seek to reopen the matter. Jackson did not do so within the allotted time.
More than three months after the District Court’s order, Jackson moved to reopen his case, claiming that he had been unable to timely file a motion to reopen due to the property foreclosure and other personal circumstances. He also filed a notice reflecting that his mailing address had changed. The District Court denied the motion to reopen as untimely, noting that it was Jackson’s first attempt to communicate with the District Court in more than one year.
Jackson then filed a pro se notice of appeal.
II.
Jackson seeks review of the District Court’s June 24, 2009, order denying his motion to reopen, and the District Court’s March 9, 2009, order dismissing his case for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court’s decisions for abuse of discretion. See United States v. Coward, 296 F.3d 176, 180 (3d Cir.2002) (motion to reopen); Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir.2002) (dismissal for failure to prosecute). We may summarily affirm if this appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.
To determine whether the District Court properly exercised its discretion when it dismissed Jackson’s complaint, we must consider the manner in which the District Court balanced the following six considerations: (1) Jackson’s personal responsibility; (2) prejudice to his adversaries; (3) any history of dilatoriness; (4) whether the Jackson’s conduct was in bad faith; (5) the effectiveness of alternative sanctions; and (6) the merit of his claim. See Poulis, 747 F.2d at 868. We must determine both whether the District Court properly balanced these factors and whether the record supports the District Court’s findings. See Livera v. First Nat. State Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir.1989).
Here, the District Court concluded that the Poulis factors weigh in favor of dismissal of the complaint. Specifically, the District Court determined that: (1) as a pro se plaintiff, Jackson alone was personally responsible for his failure to prosecute the case; (2) Jackson caused prejudice to his adversaries, specifically by causing the defendants to appear a status conference that he failed to attend, and generally by causing them to defend against a claim “brought by an unresponsive, unreachable party”; (3) Jackson had a history of dilatoriness, specifically shown by his failure to respond to the three motions to dismiss *624 after being granted three extensions of time to permit him to do so; (4) the District Court was unable to conclude that Jackson was acting in bad faith; and (5) no other sanction would be effective, because financial sanctions would be futile (Jackson was proceeding in forma, pauperis)[2] and because Jackson had been unreachable since June of the previous year.
While we have recognized that dismissal is an extreme sanction reserved only for appropriate cases, see Poulis, 747 F.2d at 867-68, in this case, the District Court carefully weighed five of the six the Poulis factors, and the record supports each of its conclusions. We agree that four out of the first five Poulis factors support dismissal, and because the District Court found that the issue of bad faith was a neutral factor and does not advance the analysis, the balance of the Poulis factors supports dismissal.
In this case, we are given brief pause by the fact that the dismissal order did not expressly address the final Poulis factor: the merits of Jackson’s claim.[3] We have generally indicated that each of the Poulis factors should be considered. See Ware v. Rodale Press, Inc., 322 F.3d 218, 221-22 (3d Cir.2003). However, we have also recognized that Poulis does not set forth a “magic formula,” see Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir.2008), and that, under sufficiently extreme circumstances, it becomes unnecessary to expressly consider the Poulis factors at all. See Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir.1994). Such circumstances arise in cases where a litigant wilfully refuses to prosecute his case or effectively makes it impossible to proceed, leaving the District Court with little recourse other than dismissal. See Spain, 26 F.3d at 455; Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir.1990).
Jackson’s case presents such egregious circumstances. After initiating this action in the District Court, Jackson effectively abandoned the action, as demonstrated by: (1) his failure to respond to three pending motions to dismiss, despite the District Court’s sua sponte grant of three extensions of time in which to do so[4]; (2) his *625 failure to attend a scheduled status conference, without contacting the District Court or the defendants to seek a continuance or to excuse his absence; (3) his failure to initiate any contact whatsoever with the District Court for over a year, despite substantial docket activity in his case; and (4) his failure to file a motion to reopen the proceedings within the thirty days directed in the District Court’s dismissal order.
Jackson’s disappearance effectively made it impossible for the District Court to proceed with his case. See Spain, 26 F.3d at 455. Thus, dismissal was appropriate without strict adherence to Poulis. Under these circumstances, the District Court’s omission of a discussion of one of the six Poulis factors does not give rise to an abuse of discretion.
We also conclude that the District Court did not abuse its discretion in denying Jackson’s motion to reopen the proceedings. The District Court allotted Jackson a reasonable amount of time in which to file such a motion, and he failed to do so. Jackson attempts to attribute his delay to his personal circumstances, including his home foreclosure. However, Jackson’s explanation is not convincing, particularly in light of his history of dilatoriness in this case. The District Court did not abuse its discretion in declining to consider Jackson’s untimely motion.
III.
Jackson initiated this action and then effectively disappeared, making it impossible to proceed. Jackson cannot now complain of the District Court’s reasonable response to his actions. Based upon our close review of the record, we conclude that the District Court did not abuse its discretion in dismissing this case for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) or in denying the untimely motion to reopen the proceedings. Because this appeal does not present a substantial question, we will affirm the District Court’s orders.

. Jackson filed his notice of appeal 137 days after the District Court entered the dismissal order pursuant to Rule 41(b). The appeal therefore initially appears to be untimely as to that order. See Fed. R.App. P. 4(a)(1). However, the District Court's dismissal was not "set out in a separate document” as required by Fed.R.Civ.P. 58(a). See In re Cendant Corp. Sec. Litig., 454 F.3d 235, 241 (3d Cir.2006). As a result, for purposes of filing an appeal, the judgment was not formally entered until 150 days after March 9, 2009. See Fed.R.Civ.P. 58(c)(2)(B); LeBoon v. Lancaster Jewish Community Center Ass'n, 503 F.3d 217, 224-25 (3d Cir.2007). Accordingly, Jackson timely appealed that order. The fact that Jackson appealed before the formal entry of judgment does not prevent us from entertaining the appeal. See LeBoon, 503 F.3d at 224, n. 5; Fed. R.App. P. 4(a)(2), 4(a)(7)(B).

. The decision that monetary sanctions are not appropriate falls within the District Court's discretion and is entitled to this Court's deference. See Mindek v. Rigalti, 964 F.2d 1369, 1375 (3d Cir.1992).

. We note that, under Poulis, a District Court assesses the merits of a claim under the same standard as a Rule 12(b)(6) motion to dismiss. See Briscoe, 538 F.3d at 263. Here, the District Court had already granted the three groups of defendants’ unopposed motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) and, to that extent at least, concluded that Jackson’s claims lacked merit. Moreover, we express serious doubt over the merits of Jackson's claim, which appears to be little more than an untimely effort to seek appellate review of a Bankruptcy Court judgment. See Bankr.R. 8002(a) (ten day time for filing a notice of appeal from entry of a Bankruptcy Court judgment); In re Universal Minerals, Inc., 755 F.2d 309, 311 (3d Cir.1985) (the time for appealing a bankruptcy judgment is strictly construed and jurisdictional). Finally, even if we were to assume for the purpose of this analysis that the final Poulis factor weighs in Jackson's favor, the balance of the factors — four of six — would still weigh in favor of dismissal.

.The three motions to dismiss were filed in May 2008. The District Court sua sponte ordered three extensions of the time in which to respond, and ultimately ruled upon the motions more than six months after they were filed, in October 2008. During that period, Jackson made two docket entries, filing process receipts reflecting the same Monroeville, Pennsylvania address that Jackson used when he initiated the action in September 2007. All three motions to dismiss show that service was made upon Jackson at the Monroeville address. Accordingly, to the extent Jackson attempts to imply that he did not receive notice of the docket activity in his case due to his home foreclosure, such a contention lacks record support. See Fed.R.Civ.P. 5(b)(2)(C) *625 (service is complete upon mailing to person's last known address). Jackson never responded to the motions to dismiss and, to date, has never explained his failure to do so.